John R. and Constance H. Hamilton v. Commissioner.
Hamilton v. Commissioner
Docket No. 2881-69 SC.
United States Tax Court
T.C. Memo 1970-34; 1970 Tax Ct. Memo LEXIS 328; 29 T.C.M. (CCH) 97; T.C.M. (RIA) 70034; February 5, 1970, Filed John R. Hamilton, pro se, 164 Victory Blvd., Staten Island, N.Y. Patrick E. Whelan, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $448.51 in petitioners' Federal income tax for the year 1967. Petitioner made certain concessions at the trial. The only issue for decision is whether petitioners are entitled to deduct as a loss the amount of property damage caused by former tenants to commercial property owned by petitioners. Findings of Fact Some of the facts have been stipulated and are so found. John R. Hamilton and Constance H. Hamilton (herein called petitioners) are husband and wife who, at the time their petition was filed herein, resided on Staten Island, New York. They filed a joint Federal income tax return for the year 1967 *329 with the district director of internal revenue, Manhattan, New York. In February 1966, petitioners inherited a building at 164 Victory Boulevard, Staten Island, New York. Petitioners occupy one of two apartments in the building, while renting the other apartment and a tavern which occupies the first floor and basement. In February 1967, the tavern tenants, Bowen and Hall, defaulted on their lease and abandoned the premises. Petitioners took possession of the premises June 6, 1967. By the terms of the lease, Bowen and Hall were obligated to keep the tavern premises in good repair at their own expense and to surrender them at the end of the term in good order and broom clean. In the event of breach they were liable for damages and attorney's fees. When petitioners took possession, the premises were not in good order. Plate glass windows were broken, the front and rear doors were broken, plaster was torn from the walls, the basement grating was missing, the tile flooring was worn through, and the premises required painting, removal of debris, and extermination. Under the terms of the lease, the tenants were responsible for the windows, the doors, the grating, damage to plaster, *330 and removal of debris. Petitioners would be responsible for paint, flooring, cleaning and extermination to prepare for new tenants. The cost of these latter items is deductible only as an expense or as depreciation. An estimate prepared for the petitioners places the cost of repairing the windows, the doors, the plaster, and the grate at $1,335. Removal of debris would not exceed $40. Since petitioners did not have money enough to make the necessary repairs themselves, they later rented the property as they found it to the carpenter who had supplied the estimate. He made the repairs, including painting, cleaning, flooring and extermination, and now operates the tavern. Petitioners claimed a net loss of $3,622.70 on their Federal income tax return. Although the entire amount appears to involve the rental portions of the property, only $2,600 as an uninsured loss is now claimed. The $3,622.70 includes the $1,375 which Bowen and Hall were responsible for, estimates for cleaning, painting, flooring, extermination, some duplication of estimates for doors and windows, and certain unsubstantiated items. Estimates of repair to the rented apartment were $244, but $344 was claimed by petitioners *331 even though it appears that they took expenses for the same repairs. 98 Sometime in late 1967 petitioners instituted a suit against the former tenants, but now (1970) do not expect to be able to collect after judgment. Hall has died, Bowen has nine children, and both had already defaulted on the lease. Petitioners do not intend to press the claim now unless the tenants press a counterclaim. Petitioners have failed to prove that they sustained any loss from the rental property in 1967 in excess of the amount allowed by respondent. Opinion Petitioners contend that under the terms of the lease with Bowen and Hall they are entitled to a deduction of $2,600 as damages for uninsured losses. Respondent's position is that the petitioners have reasonable hopes of recovering from their former tenants, and that no loss deduction should be allowed before the outcome of the litigation is known. Alternatively, respondent argues that there has been no identifiable event which justifies giving recognition to the loss in 1967. We agree with respondent. Petitioners may not deduct a loss if "there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery. *332 " Section 1.165-1(d)(2), Income Tax Regs., Louis Gale, 41 T.C. 269 (1963); and Scofield's Estate v. Commissioner 266 F. 2d 154, 159-160 (C.A. 6, 1959). The fact that petitioners instituted suit against the former tenants in 1967 is some evidence of a reasonable hope of recovery. Certainly the death of one of the defendants is no proof that petitioners' prospects of recovery have drastically changed. The fact that petitioners waited from February 1967 until June 1967 to reenter the premises is further evidence of an expectation that the tenants had the means to pay both the damages and the rent for the February-June period. If there was no prospect of collecting further rent, petitioners should have exercised their right under the lease to treat it as terminated and to reenter upon 10-days notice. The burden was on petitioners to show that their prospect for recovery was no longer reasonable as of the end of 1967. This they have failed to do. Nor could it be determined with reasonable certainty at the end of 1967 whether or not reimbursement would be received. Moreover, petitioners will not have "sustained" a loss absent "closed and completed transactions. *333 " Section 1.165-1(d)(1), Income Tax Regs. Normally closed transactions require a sale, exchange, involuntary conversion, abandonment, retirement, theft, casualty, or similar disposition of property in order to qualify for a loss. Petitioners do not seem to fit any of these categories. In addition, the damage has been repaired by the new tenant. Since respondent does not contend that the repairs represent rent, petitioners are no worse off than if they had charged more rent and made the repairs themselves, deducting the repair expenses. Petitioners have paid out nothing. It is true that their rental income has been reduced, but section 165 does not cover loss of income, which in an economic sense is "deducted" by never appearing as taxable income. Thus we believe the capital loss claimed remains speculative, perhaps no more than a reduction of a future anticipated gain. In view of the circumstances present herein, we hold that petitioners have failed to prove they sustained a loss of $2,600 on such rental property. See J.G. Boswell Co., 34 T.C. 539 (1960), affd. 302 F. 2d 683 (C.A. 9, 1962); Mrs. J. C. Pugh, Sr., Executrix, 17 B.T.A. 429, affd. *334 49 F. 2d 76 (C.A. 2, 1931), certiorari denied 284 U.S. 642. Accordingly, Decision will be entered for the respondent.